# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 05-928

## CALCASIEU PARISH SCHOOL BOARD

## VERSUS

## LEWING CONSTRUCTION CO., INC.  ET AL

**********

ON REMAND FROM THE LOUISIANA SUPREME COURT

**********

APPEAL FROM THE
FOURTEENTH JUDICIAL DISTRICT COURT,
PARISH OF CALCASIEU, NO. 2002-4241
HONORABLE D. KENT SAVOIE, DISTRICT JUDGE

**********

## J. DAVID PAINTER
## JUDGE
**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Jimmie C. Peters, and J. David Painter, Judges.

**REVERSED IN PART; AFFIRMED IN PART.**


**Joseph A. Delafield**
**3401 Ryan St., Ste. 307**
**Lake Charles, LA  70606**
**Attorney for Defendant-Appellant:**
    **Lewing Construction Co., Inc.**

**Michael G. Gaffney**
**Nolan P. Lambert**
**631 St. Charles Ave.**
**New Orleans, LA  70130**
**Attorney for Defendant-Appellant-Appellee:**
    **D & T Tile and Terrazzo, Inc.**

**Kraig T. Strenge**
**P.O. Drawer 52292**
**Lafayette, LA  70502**
**Attorney for Third Party Defendant-Appellant-Appellee:**
    **Lafayette Insurance Co.**

PAINTER, Judge.

This matter[1] is before us on remand from the Louisiana Supreme Court for reconsideration in light of that court's decision in *Supreme Services and Specialty Co., Inc. v. Sonny Greer, Inc.*, 06-1827 (La. 5/22/07), 958 So.2d 634. The only determination made in the original opinion in this matter that is affected by the *Supreme Services* decision is this court's finding that the policy of insurance issued by Lafayette Insurance Company (Lafayette) to D & T Tile and Terrazzo, Inc. (D & T) did provide coverage for the failure of the floor installed by D & T at R. W. Vincent Elementary School. Therefore, we will consider this determination in light of the *Supreme Services* case.

In its appeal to this court, Lafayette assigned as error the trial court's determination that its policy provided D & T with coverage for the situation at issue. Lafayette argued that its policy excluded coverage for claims rising out of the quality of the insured's work, cited a policy exclusion for improperly performed work, and an exclusion for "'property damage' to 'your product' arising out of it or any part of it," and "'property damage' to 'your work' arising out of it." However, after reviewing the policy, we found that the failure of the floor was covered under the "Products-Completed Operations" coverage. We noted that while the policy referred to that coverage, there was no separate endorsement or rider which specifically described that coverage. However, the declarations sheet of the policy showed that the coverage existed. Further, the policy stated that:

> 14.a. "Products-completed operations hazard" includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

---

[1] This court previously considered this case in *Calcasieu Parish School Board v. Lewing Construction Co., Inc.*, 05-928, (La.App. 3 Cir 5/31/06, 931 So.2d. 492.

(1) Products that are still in your physical possession; or

(2) Work that has not yet been completed or abandoned.

. . . .

17. "Your product" means:

a. Any goods or products, other than real property, manufactured, sold, handled, distributed or disposed of by:

(1) You;

. . . .

19. "Your work" means:

a. Work or operations performed by you or on your behalf; and

b. Material, parts or equipment furnished in connection with such work or operations.

In our previous consideration of this case, we found that the policy purported to "both provide coverage for 'products-completed operations hazard' and apparently to exclude coverage of the same,'" under a "work-product" exclusion for improperly performed work. As a result, we interpreted the policy to provide coverage for the claims made against D & T.

While this court feels that its reasoning in the original opinion herein is correct, we are required to apply the finding of the supreme court in *Supreme Services,* 958 So.2d 634. In that case, the supreme court found that:

[U]nder the "work product" exclusion, the insured or its subcontractor becomes liable for damages to its work or its product caused by its faulty workmanship. Under the [products-completed operations hazard] provision, damages, other than the faulty product or work itself, arising out of the faulty workmanship are covered by the policy.

*Id.* at 645.

The Plaintiff claimed damages against D & T for:

(i) removal of the epoxy terrazzo floor, (ii) reimbursement of sums expended for expert investigation of the cause of the ooze and emission of the oily substance, (iii) reimbursement for sums expended for remediation, removal and cleaning of the oily substance, and (iv) reimbursement for sums expended for safeguarding and efforts to prevent damage and injury to students, faculty, staff and visitors to the R. W. Vincent Elementary School.

Because the claims against D & T are for the faulty product/work, we must apply the supreme court's ruling in *Supreme Services* and rule that they fall under the work product exclusion.

Therefore, that portion of the trial court judgment finding that the Lafayette policy provided coverage for the claims made against D & T is reversed. Judgment is rendered finding that the Lafayette policy excludes coverage for the claims made against D & T. The assessment of attorney's fees against Lafayette is overturned. Our assessment of trial costs to Lafayette is also reversed. Costs t the trial level are to be paid equally by D & T and Key Resin. Costs on appeal are to be divided between Key Resin and D & T. Our previous judgment in this case will not be disturbed in any other respect.

REVERSED IN PART; AFFIRMED IN PART.